# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20432
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES RAMEY, also known as James Maceo Ramey, also known as James
Maceo Ramey, II, also known as Jim Ramey, also known as Henry Ramey, also
known as John Shuler, also known as Joe Hill, also known as Frank Bartuka,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-502-1

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

James Ramey, federal prisoner # 29206-179, moves for leave to proceed
in forma pauperis (IFP) in his appeal of the district court's orders denying his
amended motion for a new trial under Federal Rule of Criminal Procedure 33
and denying his motion for reconsideration. Ramey asserts that he is entitled
to proceed without payment of fees and costs because he is a veteran, citing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-20432

28 U.S.C. § 1259 and United States Supreme Court Rule 40.1.   These provisions are inapplicable here. This case is not before the U.S. Supreme Court, Ramey is not appealing a decision of the U.S. Court of Appeals for the Armed Forces, and Ramey has made no showing that he is suing under a law exempting veterans from the payment of fees or court costs.

Ramey's alternative motion to proceed IFP under 28 U.S.C. § 1915(a) must also be denied because Ramey has not identified a nonfrivolous issue for appeal.   We affirmed the denial of Ramey's prior Rule 33 motion because he did not make the required showing for a new trial based on newly discovered evidence.   *See United States v. Ramey*, 717 F. App'x 492 (5th Cir. 2018). Ramey's amended motion similarly fails to satisfy this standard.   *See United States v. Reedy*, 304 F.3d 358, 372 (5th Cir. 2002).   Moreover, the district court lacked jurisdiction to consider Ramey's untimely and unauthorized motion for reconsideration.   *See United States v. Gomez-Vasquez,* 680 F. App'x 272, 274 (5th Cir. 2017).

Accordingly, Ramey's motion for leave to appeal IFP is DENIED, and his appeal is DISMISSED as frivolous.   *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.